IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LORRAINE ADAMS-SUGGS,

        Plaintiff,

vs.

JEREMY COPPOTELLI, *et al.*,

        Defendants.

Case No. 15-cv-0669-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Sheriff Rick Watson's ("Watson") motion to dismiss Count VI of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 20). Plaintiff responded (Doc. 23). For the reasons that follow, the motion is **DENIED**.

**Background**

Plaintiff alleges in her Complaint (Doc. 1) that she was deprived of her rights under the Fourth Amendment of the United States Constitution when she was arrested in front of her home on July 10, 2014. Specifically, Plaintiff alleges that at approximately 12:31 a.m. on that date, she heard "something out of the ordinary" and looked out her front door to witness her two sons being held to the ground at gunpoint by police officers. She then went outside and asked the arresting officers, identified as Jeremy Coppotelli, Calvin Savage, Xavier Blackburn and Jesse Carmack, why they were holding her sons at gunpoint. The arresting officers refused to answer.

Plaintiff then began video-recording the event from her front porch. Without warning, the arresting officers TASED, physically battered, handcuffed and arrested Plaintiff without probable cause and without advising her of the charge against her. Plaintiff was held in the St.

Clair County Jail until 11:38 a.m. when she posted a $150 cash bond. She was subsequently charged with resisting a police officer and obstruction of a peace officer. These charges were ultimately dismissed on January 20, 2015. Plaintiff further alleges that as a result of the incident, she suffered mental health and emotional damages and requires medical treatment for post-traumatic stress disorder.

Plaintiff brings claims for false arrest against each of the four arresting officers (Counts I-IV), a failure to intervene claim against the arresting officers (Count V), a failure-to-train claim against Sheriff Rick Watson in his official capacity (Count VI), an indemnification claim (Count VII) and a malicious prosecution claim against arresting officer Calvin Savage. For his motion, Watson contends: (1) Plaintiff does not properly invoke 42 U.S.C. § 1983; (2) the allegations are insufficient to establish his liability in either an individual or supervisory capacity; (3) a failure to train claim is barred by the Local Governmental and Governmental Employees Tort Immunity Act; and (4) Plaintiff's claims are barred by the statute of limitations.

## Discussion

Watson's contention that the statute of limitations bars Plaintiff's claims appears to be based on a misreading of Plaintiff's Complaint. He cites the one-year statute of limitations set forth in 745 ILCS 10/8-101(a) and asserts "Plaintiff's Complaint stems from allegations regarding her arrest on July 10, 2013, and such alleged actions occurred more than one year prior to her filing her Complaint on June 16, 2015." (Doc. 20, p. 3). However, the Complaint specifically alleges that the incident took place "[o]n the 10th day of July, 2014." (Doc. 1, p. 2). In considering a 12(b)(6) motion to dismiss, the Court accepts all allegations of the Complaint as true. As such, Plaintiff's Complaint was filed within one year of the alleged incident date and within the applicable limitations period.

Next, Watson asserts that Count VI of Plaintiff's Complaint does not properly invoke 42 U.S.C. § 1983.  Under current federal pleading standards, a plaintiff need only plead facts sufficient to give the defendant fair notice of the claim "and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Bell Atlantic v. Twombly,* 550 U.S. 444, 555 (2007)).  The sufficiency of the notice "is determined by looking at the complaint as a whole." *Scott v. City of Chi.,* 195 F.3d 950, 952 (7th Cir.1999).

Here, Paragraph 9 of the Complaint states that the Court has jurisdiction over this matter "as the federal claims are brought under 42 U.S.C. Section 1983."  (Doc. 1, p. 2).[1]  Additionally, there are references to "Fourth Amendment rights" and "Fourth Amendment constitutional violations" in Count VI along with specific alleged training failures (Doc. 1, p. 10).  Viewing the allegations of the Complaint as a whole, the Court finds that Plaintiff has sufficiently invoked 42 U.S.C. § 1983.

Watson also contends that the complaint allegations do not support an application of § 1983.  The Court construes this as an argument that the allegations fail to state a claim for which relief can be granted.  Inadequate training may serve as a basis for §1983 liability where the failure to train "amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton v. Harris,* 489 U.S. 378, 388 (1989).   In Count VI, Plaintiff specifically alleges deliberate indifference and that the St. Clair County Sheriff's deputies were not properly trained regarding the elements of criminal offenses and "how to determine whether probable cause exists for such an arrest."  (Doc. 1, p. 10).  While thin, these allegations are sufficient to state a § 1983 claim for the failure to train.

Next, Watson argues that he cannot be held liable in either an individual or supervisory capacity.  The Court notes that Count VI is titled, *"... Failure to Train Versus Rick Watson in his*

---

[1] Paragraphs 1 through 17 were restated and realleged in Count VI.

*Official Capacity."* However, the allegations in Count VI refer to "*[t]he Defendant St. Clair County's sheriff's department*" and "*Defendant St. Clair County*" (Doc. 1, p. 10). St. Clair County's Sheriff's Department has not been named a defendant in this case.

Plaintiff's attempt to synonymize Watson and the Sheriff's Department and/or St. Clair County creates some confusion. However, given the respective arguments of the parties, the Court assumes for purposes of this Order that Plaintiff in fact intended to state a claim only against Sheriff Watson in Count VI. In that regard, "[w]hen a plaintiff sues an individual officer in his official capacity, the suit is treated as if the plaintiff has sued the municipality itself." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006), *as amended on denial of reh'g* (May 25, 2006) citing *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985).

While Watson notes correctly that *respondeat superior* liability cannot be applied in § 1983 actions, nothing in *Monell* requires dismissal of a sheriff where he is alleged to have known and approved of a policy or custom that includes improper training. See *Hernandez v. Dart*, 635 F. Supp. 2d 798, 812-813 (N.D. Ill. 2009) citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, (1978) and *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). Watson's assertion that "[t]here is no allegation that Sheriff Watson… knew of and approved of the conduct the plaintiff alleged" (Doc. 20, p. 2) is inaccurate.

Paragraph 45 of the Complaint alleges that the sheriff's department (construed as including Sheriff Watson) "knew or should have known that more training was needed to avoid likely Fourth Amendment constitutional violations." (Doc. 1, p. 10). Plaintiff need not plead that Watson knew of or approved of the specific officer conduct alleged to have occurred on July 10, 2014. Therefore, the allegations sufficiently state a *Monell* claim for failure to train against Watson in his official capacity.

Finally, Watson asserts that "Count VI, at most, attempts to state a claim under the common law of the State of Illinois." Because this bare assertion is undeveloped and unsupported by relevant case law, the Court cannot and will not consider it (see, Local Rule 7.1(d)).  Further, Watson's argument that claims for failure to train in the context of police supervision are barred in Illinois by the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/4-102 (Doc. 20, p. 2) fails as well. The claims stated in Count VI are brought pursuant to federal law (specifically, 14 U.S.C. § 1983).  Thus, the state immunity statute is inapplicable.  Defendant's Motion to Dismiss is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATE: April 28, 2016**                                   s/  *Staci M. Yandle*
                                                           **STACI M. YANDLE**
                                                           **DISTRICT JUDGE**