IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LORRAINE ADAMS-SUGGS,

    Plaintiff,

vs.

JEREMY COPPOTELLI, *et al.*,

    Defendants.

Case No. 15-cv-0669-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Deputy Calvin Savage's (hereinafter "Savage") Motion to Dismiss Count VIII (Doc. 21). Plaintiff responded (Doc. 23). For the reasons that follow, the motion is **DENIED**.

**Background**

Plaintiff claims that she was deprived of her rights under the Fourth Amendment of the United States Constitution when she was arrested in front of her home on July 10, 2014. Specifically, Plaintiff alleges in her Complaint (Doc. 1) that at approximately 12:31 a.m. on that date, she heard "something out of the ordinary" and looked out her front door to witness her two sons being held to the ground at gunpoint by police officers. She then went outside and asked the arresting officers, identified as Jeremy Coppotelli, Calvin Savage, Xavier Blackburn and Jesse Carmack, why they were holding her sons at gunpoint. The arresting officers refused to answer.

Plaintiff then began video-taping the event from her front porch. Without warning, the arresting officers TASED, physically battered, handcuffed and arrested Plaintiff without probable cause and without advising her of the charge against her. Plaintiff was held in the St.

Clair County Jail until 11:38 a.m. when she posted a $150 cash bond.  She was subsequently charged with resisting a police officer and obstruction of a peace officer. These charges were ultimately dismissed on January 20, 2015.  Plaintiff further alleges that as a result of the incident, she suffered mental health and emotional damages and requires medical treatment for post-traumatic stress disorder.

Plaintiff brings claims for false arrest against each of the four arresting officers (Counts I-IV), a failure to intervene claim against the arresting officers (Count V), a failure-to-train claim against the sheriff in his official capacity (Count VI), an indemnification claim (Count VII) and a malicious prosecution claim against arresting officer Calvin Savage (Count VIII).  Defendant Savage contends that Plaintiff has not stated a claim for malicious prosecution and has only pled false arrest.  He argues that claims of malicious prosecution require allegations of malicious acts subsequent to the wrongful arrest, including perjured testimony, falsifying evidence or withholding exculpatory evidence, which are absent from Plaintiff's Complaint.

## Discussion

To state a claim for malicious prosecution under Illinois law, Plaintiff must allege the following:  (1) she was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendant instituted or continued the proceedings maliciously; (4) the proceedings were terminated in Plaintiff's favor; and (5) there was an injury.  *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998) (citing *Reed v. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996)).  Here, Savage draws into question only the third element (malice).

Savage cites *Albright v. Oliver*, 510 U.S. 266, 279 n.5 (1994) (Ginsberg, J., concurring)) in which Justice Ginsberg described the plaintiff's reliance on a malicious prosecution (substantive due process) theory as opposed to a Fourth Amendment theory in a case arising

2

under 42 U.S.C. § 1983 as "anomalous". However, in *Reed*, the Seventh Circuit explained that, despite the anomaly, a wrongful arrest *can* be the first step towards the survival of a malicious prosecution claim. "…[T]he chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor" (See *Reed, supra,* 77 F.3d at 1053, citing *Albright*, 510 U.S. at 279 n.5).

Savage asserts that *Reed* supports his contention that Plaintiff's allegations are insufficient under Seventh Circuit case law. However, Illinois law does not require malicious acts subsequent to the arrest and filing of charges. To the contrary, Illinois appellate courts have stated that a fact-finder "may infer malice from lack of probable cause if there is no credible evidence which refutes that inference." *Fabiano v. City of Palos Hills*, 784 N.E.2d 258, 270 (Ill. App. 2002); see also *Gauger v. Hendle*, 954 N.E.2d 307, 333 (Ill. App. 2011). All that is required is an indication "that defendant acted maliciously, i. e., that he purposely filed the criminal complaint for some reason other than to bring plaintiff to justice." *Ritchey v. Maksin*, 376 N.E.2d 991, 993 (Ill. Sup. 1978). The Seventh Circuit has recognized and applied this standard. *Williams v. City of Chicago*, 733 F.3d 749 (7th Cir. 2013) (citing *Aguirre v. City of Chi.*, 887 N.E.2d 656 (Ill App. 2008) ("[i]t is well established that a jury can infer malice from an absence of probable cause."); *Aleman v. Vill. of Hanover Park*, 662 F.3d 897, 907 (7th Cir. 2011) ("[Illinois appellate cases] permit an inference of malice to be drawn from an absence of probable cause

Here, Plaintiff alleges that Savage wrongfully arrested her and filed a charge against her for obstruction of a peace officer without probable cause. Plaintiff further alleges that Savage harbored malice towards her because she videotaped him during the arrest of her sons. These

allegations are sufficient to survive Savage's 12(b)(6) motion.  Accordingly, the motion is denied.


**IT IS SO ORDERED.**

**DATE: June 30, 2016**                                         s/   *Staci M. Yandle*
                                                                                  **STACI M. YANDLE**
                                                                                  **DISTRICT JUDGE**